IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03295-NRN

CESARE MORGANTI, an individual,

Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., a Wisconsin corporation,

Defendant.

---

**ORDER ON
DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL EXPERT
DISCLOSURE AND 3rd SUPPLEMENTAL DISCLOSURE (Dkt. #52)
and
RECOMMENDATION ON
PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER
TO EXTEND DEADLINE FOR LEAVE TO AMEND COMPLAINT TO ADD CLAIM FOR
PUNITIVE DAMAGES (Dkt. #76).**

---

**N. REID NEUREITER
United States Magistrate Judge**

This matter is before the Court on two separate motions. First, on March 7, 2022, Defendant American Family Mutual Insurance Company, S.I. ("American Family" or "Defendant") moved to strike Plaintiff Cesare Morganti's ("Plaintiff") Supplemental Expert Disclosure and 3rd Supplemental Disclosure. (Dkt. #52.) Judge Daniel D. Domenico referred that motion to me. (*See* Dkt. #53.) Plaintiff filed an opposition. (Dkt. #65.) Defendant filed a reply. (Dkt. #70.) This motion seeks to strike disclosures by two of Plaintiff's experts: (1) expert meteorologist Steve Clark, and (2) arguably "non-retained" expert public adjuster, Peter Ridulfo.

Second, on April 13, 2022, Plaintiff filed a Motion to Amend the Scheduling Order to Extend Deadline to File Motion for Leave to Amend Complaint to Add Claim for Punitive Damages. (*See* Dkt. #76.) Judge Domenico referred that motion to me on the same day. (*See* Dkt. #77.) Defendant filed its opposition on April 22, 2022. (*See* Dkt. #81.)

I heard argument on both these pending motions at a hearing on April 25, 2022. (*See* Dkt. #86.) During that hearing, I ruled from the bench and denied Defendant's request to strike the supplemental expert disclosure of meteorologist Mr. Clark which came the day after he had been deposed. Defendant is, however, entitled to depose Mr. Clark for up to one hour on his supplemental report at Plaintiff's cost for Mr. Clark's time.

With respect to the remaining two issues before me, I rule as follows:

**Dkt. #76—Plaintiff's request to extend the date to amend to add a claim for punitive or exemplary damages**

Plaintiff seeks to amend the Scheduling Order to allow a late amendment to add a claim for punitive (exemplary) damages under Colorado law. Colo. Rev. Stat. § 13-21-102(1.5)(a) provides that a claim for exemplary damages may not be included in an original complaint, but can only be added with the permission of the court after the exchange of initial disclosures and after the plaintiff establishes prima facie proof of a triable issue. The statute goes on to say, "After the plaintiff establishes the existence of a triable issue of exemplary damages, the court may, in its discretion, allow additional discovery on the issue of exemplary damages as the court deems appropriate." Colo. Rev. Stat. § 13-21-102(1.5)(a).

2

The original Scheduling Order (Dkt. #33) provided that the date for amending pleadings was June 9, 2021. That date as come and gone. It is true that the issue of amending to add a request for punitive damages after the June 9, 2021 date was raised at the scheduling conference. At that time, I noted that this issue comes up with some frequency in this District, given that Colorado law does not allow a party to request an award of exemplary damages in an original complaint. At the scheduling conference, I noted, somewhat off the cuff, in regards to a motion to amend to add a request of exemplary damages under Colorado law, that "there are actually cases on this that say, you know, if it constitutes a good cause under Rule 15 or Rule 16 that you're amending for that purpose, and unless somebody really abused the process, like waited until, you know, three months after the close of discovery and all expert disclosures are done and the other side is taken aback by the motion, the judges always grant that." (Dkt. #81-3, Tr. of Feb. 12, 2021 Scheduling Conference).

Plaintiff's purported reason for the extension is that

(a) transcripts of the depositions of Defendant's experts (including its engineer) have only recently been received; (b) by reason of the nature of the motion, it has taken and will require significant time to summarize the relevant facts and attached [*sic*] the supporting evidence; and (c) by reason of an unavoidable confluence of several matters occurring in other cases, significant scheduling impediments have recently deprived Plaintiff's counsel of significant time necessary to prepare the summary of facts and supporting evidence necessary for the motion.

(Dkt. #76 at 3.)

Defendant, for its part, objects to moving the deadline for amendment of pleadings, arguing in part that "Plaintiff has been in possession of all information he has from American Family in this case since October 2021," and "[t]he expert discovery conducted after October is irrelevant to a motion for punitive damages." (Dkt. #81 at 2.)

3

Under Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. Once a responsive pleading is filed, a party may amend its complaint only by leave of the court or by written consent of the adverse party. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City and Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). The Court must heed Rule 15's mandate that leave is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Foman*, 371 U.S. at 182; *Duncan*, 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see also Foman*, 371 U.S. at 182.

Plaintiff's motion was filed after the deadline to amend pleadings. Plaintiff asks for a modification of the Scheduling Order to allow for a later filing of a motion to amend, which will presumably include the proposed amended complaint and the necessary factual allegations supporting the prima facie case required by Colorado law. Modifying a scheduling order requires good cause. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (explaining that once the scheduling order deadline has passed, "a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard"). In practice, this good cause standard requires the movant to

4

show the scheduling deadlines could not be met despite the movant's diligent efforts. Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed. If the plaintiff generally knew of the underlying conduct but simply failed to raise the claim, however, good cause could not be shown. *Id.*

It is important to emphasize that the Rule 15 and Rule 16 standards do apply to a movant's untimely request to amend pleadings to add a claim for exemplary damages under Colorado law. *See, e.g., Fiechtner v. Amer. Family Mut. Ins. Co.*, No. 09-cv-02681-REB-MEH, 2010 WL 5185490, at *3 (D. Colo. Oct. 19, 2010); *Alarid v. Biomet, Inc.*, No. 14-cv-2667-REB-NYW, 2016 WL 309053, at *2 (D. Colo. Jan. 26, 2016); *Martin v. Amer. Family Mut. Ins. Co.*, No. 05-cv-00960-ZLW-BNB, 2007 WL 1159945, at *1 (D. Colo. Apr. 17, 2007). As a practical matter, this means that if a plaintiff has diligently sought to develop the evidence sufficient to create a prima facie case for exemplary damages, learns new information through discovery, and has not unduly delayed in moving to amend once that evidence is collected, then good cause for the amendment is established. *See Schimek v. Owners Ins. Co.*, No. 16-cv-02197-PAB-STV, 2017 WL 3621833 (D. Colo. August 23, 2017) (finding good cause to amend to add request for exemplary damages where plaintiff obtained supporting evidence in the course of discovery); *Kassinove v. McClendon*, 16-cv-00565-WYD-KLM, 2017 WL 4277184 (D. Colo. Sept. 27, 2017) (denying leave to amend to add request for exemplary damages where plaintiff did not submit any evidence in support that was obtained through discovery and nothing would have prevented plaintiff from filing within the deadline); *State Farm Mut. Auto Ins. Co. v. Fisher*, No. 08-cv-01687-REB-MEH,

2009 WL 1011194, at *4–5 (D. Colo. April 15, 2009) (applying Colorado exemplary damages statute to determine whether amendment was appropriate and considering evidence in light of Rule 15 obligation to freely grant leave to amend); *E & S Liquors, Inc. v. U.S. Fidelity & Guar. Co.*, No. 08-cv-01694-WYD-KLM, 2009 WL 837656, at *2–3 (D. Colo. March 26, 2009) (same); *Siemens v. Romero*, No. 09-cv-02065-KLM-CBS, 2010 WL 427893, at *1 (D. Colo. Feb. 3, 2010) (same); *Espinoza v. Am. Fam. Mut. Ins. Co.*, No. 08-cv-00709-REB-MEH, 2008 WL 4059851, at *2 (D. Colo. Aug. 29, 2008) (granting leave to amend to add claim for exemplary damages, noting that it is expected that the "discovery process" will provide the evidence necessary to establish the prima facie case).

The Rule 16(b)(4) standard requires the movant to show that, despite the movant's diligent efforts, he or she could not meet the scheduling deadline. *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015); *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). To prove diligence, a plaintiff must provide an adequate explanation for any delay. *Minter*, 451 F.3d at 1205 n.4. If a plaintiff learns new information through discovery, good cause to amend may be established under Rule 16(b)(4). *Birch*, 812 F.3d at 1247; *see also Riggs v. Johnson*, No. 09-cv-01226-WYD-KLM, 2010 WL 1957110, at *3 (D. Colo. Apr. 27, 2010) (granting a motion for joinder six months after the scheduling order deadline); *Fiechtner*, 2010 WL 5185490, at *3 (permitting amendment of the scheduling order and the pleadings to add an exemplary damages claim five months after deadline because plaintiff filed the motion within 30 days of receiving the evidence on which the motion was based). Conversely, if

6

the plaintiff knew of the conduct substantiating the claims he seeks leave to add, but simply failed to raise the claims, the plaintiff has failed to show good cause, and the claims are barred. *Birch*, 812 F.3d at 1247. Denial is appropriate when the moving party does not demonstrate good cause for failure to file the motion prior to the scheduling order deadline. *Minter*, 451 F.3d at 1205.

In this case, the Court is handicapped because Plaintiff seeks to move the Scheduling Order deadline to allow amendment to request exemplary damages (after the deadline has already passed) without attaching the proposed Amended Complaint. Without knowledge of the actual factual allegations that would purport to establish a prima facie case, the Court cannot make the requisite assessment whether the facts on which the request for punitive damages will be based were known far in advance by the Plaintiff or, instead, were learned relatively recently, during the discovery process. *See Affordify, Inc.v. Medac, Inc.,* 19-cv-02082-CMA-NRN, 2020 WL 6290375, at *5 (D. Colo. Oct. 27, 2020) (finding good cause to allow late amendment of complaint to seek exemplary damages where "much of the evidence cited for establishing a prima facie case was obtained during discovery and includes numerous references to depositions"). Other than the conclusory statement that Plaintiff has been delayed from seeking amendment because "transcripts of the depositions of Defendant's experts have only recently been received" (Dkt. #76 at 3), there is no specificity about the nature of the allegations that might support an award of exemplary damages. While Plaintiff argues there is good cause to change the date for amendment in the Scheduling Order, Plaintiff has failed to provide the Court the proposed Amended Complaint listing the facts upon which such good cause is based.

Defense counsel points out that the Scheduling Order was amended numerous times without Plaintiff ever raising the issue of changing the date for amendment of pleadings. The expert discovery deadline has come and gone. Defendant has moved for summary judgment on certain claims and Fed. R. Evid. 702 motions have been filed, all without Plaintiff seeking to amend to add a claim for punitive damages. Now, without actually providing the proposed Amended Complaint that would include the facts that might provide support for a finding of good cause, Plaintiff seeks to modify the Scheduling Order to allow the late amendment.

Considering all of the above, I find that Plaintiff has failed to make the requisite showing of good cause under Rule 16(b), and therefore will recommend denial of the motion. Without the proposed pleading or a listing of the facts upon which a claim for exemplary damages might be based, I cannot assess whether the facts were learned long ago or more recently, which could potentially justify a late amendment. It is Plaintiff's burden to show good cause, and good cause has not been shown. *See Kassinove v. McClendon*, 2017 WL 4277184, at *3 (D. Colo. 2017) (denying motion to amend to add claim for exemplary damages explaining that, if plaintiffs had obtained evidence supporting the motion through discovery, it might have satisfied the good cause requirement, but because they did not submit any evidence in support of the motion that was obtained through the discovery process, amendment would be denied as untimely).

**Dkt. #52—Motion to Strike Late Disclosure by Plaintiff's Public Adjuster**

Defendant's challenge to the supplemental disclosure of public adjuster Peter Ridulfo's is a mishmash of complaints. First, Defendant argues that public adjuster

Ridulfo is actually a *retained* expert, not a *non-retained* expert. Defendant makes this assertion because Mr. Ridulfo is not just testifying as to his knowledge and opinions about the underlying facts of the case (learned in his role as a public adjuster), but to *new* opinions reached based on information learned during the course of the litigation, including opinions based on deposition testimony from American Family adjusters. Defendant points out that Mr. Ridulfo has a financial interest in the outcome of the case (and will be taking a contingency fee from any recovery), and his compensation makes him more like a retained expert.

Defendant also argues that Mr. Ridulfo has provided a supplemental opinion (a replacement roof cost estimate) which includes updated cost estimates for ventilation code requirements, which he admitted in his deposition that he is not qualified to opine on. So, Defendant insists, the opinion should be excluded because Mr. Ridulfo is not an expert on code compliance and is not qualified to opine on this question. Defendant's next argument appears to be that this new, supplemental opinion regarding costs of code-compliant venting for a new roof should be excluded on timeliness grounds because it has been known (or should have been known) all along that the roof lacked sufficient ventilation, and therefore there is no basis for the new opinion being provided after the disclosure deadline. There is some argument, not fully developed, that the supplemental opinion (which merely updates a roof replacement cost estimate to include additional dollars for bringing the roof up to code) should be excluded because it would be confusing to the jury. Finally, Defendant claims that the timing of Mr. Ridulfo's supplemental estimate was "strategic" and willful because it was produced less than 40

hours prior to his deposition, supposedly hindering Defendant from adequately preparing for the deposition.

The only objection to Mr. Ridulfo's opinion that has merit is that he is acting more like a retained expert than a non-retained expert. Because his detailed and extensive opinion is based in part on information developed during the litigation, and not based exclusively on what he observed while acting as public adjuster, Mr. Ridulfo should make the detailed disclosures required pursuant to Rule 26(a)(2)(B). *See Seeley v. Home Depot U.S.A., Inc.*, Civ. No. 17-cv-00584-PAB-NYW, 2018 WL 4275375, at *1 (D. Colo. Sept. 7, 2018) (where expert goes beyond personal observation and reviews records of other experts to formulate an opinion, "the witness will be considered 'retained or employed' and will be required to file a written report under Rule 26(a)(2)(B)").

As to Mr. Ridulfo's lack of qualifications, he is a public adjuster who, as part of his job, estimates repair costs. He does not have to be an expert in roofing codes to plug the cost of additional ventilation into his Exactimate estimate. As to the lack of timeliness of the disclosure, I find that Mr. Ridulfo was entitled to update his estimate to account for additional building expenses, and, given that the supplemental information was provided in advance of his deposition, there was no unfair prejudice to Defendant. As to the argument that allowing the supplemental opinion or estimate would be confusing to the jury, I find that such an argument is more appropriately made at trial in the context of trial evidence, rather than in the context of a dispute over late disclosure. Defendant's "too confusing to the jury argument" occupies a page and a half of Defendant's briefing and itself borders on the incomprehensible, addressing issues such

10

as whether construction estimates should or should not depreciate labor, and the failure to state the percentage of depreciation applied. These are issues better addressed either on cross-examination or directly with the trial court in the context of the full presentation of evidence. The request to bar Mr. Ridulfo's opinion because it is too confusing will be denied.

**Conclusion**

It is hereby

**RECOMMENDED** that Plaintiff's Motion to Amend Scheduling Order To Extend Deadline For Leave to Amend Complaint to Add Claim for Punitive Damages (Dkt. #76) be **DENIED**. It is further

**ORDERED** that Defendant's Motion to Strike Plaintiff's Supplemental Expert Disclosure and 3rd Supplemental Disclosure (Dkt. #52) is **DENIED** in substantial part, but Plaintiff shall be required within 14 days to make a full disclosure of the public adjuster's background as if he were a retained expert under Rule 26(a)(2)(B).

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge,** *Thomas v. Arn***, 474 U.S. 140, 148-53**

**(1985), and also waives appellate review of both factual and legal questions.**

*Makin v. Colo. Dep't of Corr.*, **183 F.3d 1205, 1210 (10th Cir. 1999);** *Talley v. Hesse*, **91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:   April 27, 2022
         Denver, Colorado            _____
                                     N. Reid. Neureiter
                                     United States Magistrate Judge

12